## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SENELISE CONSTANT** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:15-cv-2781** |
| | § | **Jury Demanded** |
| **A PLACE FOR CHILDREN, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S REQUESET FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT

Plaintiff, and hereby requests the Court to enter a default against Defendant, A Place for Children, Inc., on the basis that the record in this case demonstrates that there has been a failure to plead or otherwise defend as provided by FRCP 55(a). Plaintiff further requests the Court grant a default judgment pursuant to FRCP 55(b).

## A. INTRODUCTION

1.      Plaintiff is Senelise Constant; Defendant is A Place for Children, Inc.

2.      On September 23, 2015, Plaintiff filed an Original Complaint against Defendant, A Place for Children, Inc. In her complaint, Plaintiff asserted

claims for violations for the overtime provisions of the Fair Labor Standards Act ("FLSA").29 U.S.C. § 207. Plaintiff sought relief including compensatory damages, statutory liquidated damages, attorney's fees, costs and expenses. 29 U.S.C . §216(b).

3.      On October 15, 2015, Defendant was served the summons and a copy of the Original Complaint, through its registered agent, Shannon Allen. *See* Exhibit A. On or about November 4, 2015, Shannon Allen filed an answer on behalf of Defendant. *See* Exhibit B. However, a corporation cannot appear in federal court pro se; it must appear through licensed counsel. *Rowland vs. California Men's Colony*, 506 U.S. 194, 202-03. Shannon Allen is not a license attorney and thus, cannot represent the interests of Defendant. Therefore, Defendant's answer is a nullity and has failed to provide the necessary pleading to plead or otherwise defend as provided in Rule 55(a) of the Federal Rules of Civil Procedure. Further, Shannon Allen's answer failed to plead any defense or otherwise defend. *See* Exhibit B, Shannon Allen's answer.

4.      Defendant, A Place for Children, Inc. is not an infant or incompetent person.

5.      In addition, Defendant is a corporation and is unable to serve in the military. Plaintiff's counsel also performed a search of the Department of Defense Manpower Data Center and obtained a Status Report pursuant to the

Servicemembers Civil Relief Act ("SCRA"). Based on the information found therein Plaintiff's counsel files an affidavit on behalf of the Plaintiff which states that Defendant, A Place for Children, Inc. is not in military service and demonstrating the facts in support thereof in compliance with SCRA. *See* Exhibit C and D.

6.      The Court should enter a default against defendant because Defendant did not file a responsive pleading within 21 days after October 15, 2015, the date of service. Fed. R. Civ. P. 12(a)(1)(A)(i); *see* Fed. R. Civ. P. 55(a). And the time allowed to file a response to the suit has expired.

7.      In support of this motion, Plaintiff offers her affidavit to establish that she is entitled to damages under the FLSA, 29, U.S.C. §201, *et seq.* in the amount of $2,880.00. Plaintiff's damages are calculated as follows:

| | |
|---|---|
| Unpaid Overtime: | |
| 20 hours * 16 weeks * $4.50/hour | $1,440.00 |
| | |
| Statutory Liquidated Damages: | |
| $1,440.00 | $1,440.00 |
| | |
| **Total Overtime** | **$2,880.00** |

*See* Exhibit E, Plaintiff's Declaration.

8.      Plaintiff further seeks the award of reasonable attorney's fee and costs pursuant to 29 U.S.C. § 216(b). Pursuant to section 216(b) of the FLSA, an award of attorney's fees and costs to a prevailing party plaintiff in an FLSA action is

mandatory. According to *Hensley vs. Echerhart,* 461 U.S. 424 (1983), the Court should make an award of attorney's fees based upon a lodestar analysis of reasonable hours devoted to the case multiplied by a reasonable hourly rate for each attorney. The Court may also enhance or reduce the lodestar figure by applying the factors discussed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974). Plaintiff has attached an affidavit, billing records and expense records from her attorney demonstrating the amount of time devoted to the pursuit of this case and the expenses incurred. Those fees include attorney's fees of $5,650.00 and costs of $532.54. A total attorney's fees and costs of $6267.54. *See* Exhibit E and F.

9. WHEREFORE, Plaintiff Senalisa Constant respectfully requests the Court for any entry of default against Defendant, pursuant to FRCP 55(a). Plaintiff further requests that the Court enter a default judgment against Defendant, A Place for Children in the amount of $2,880.00 consisting of unpaid overtime and statutory liquidated damages; and $5,650.00 as reasonable and necessary attorney's fees and $532.54 as costs as reasonable and necessary attorney's fees.

Respectfully submitted this 15th day of December 2016.

Respectfully submitted,

By: */s/ Shelly M. Davis-Smith*

Shelly M. Davis-Smith
Texas Bar No. 24050487
Email: SMS@thedavislawfirm.com
3100 Richmond Avenue, Suite. 480
Houston, TX  77098
Phone:  (713) 349-9299
Fax:   (713) 800-4974
Attorney for Senelise Constant

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Federal Rules of Civil Procedure December 15, 2016.

*Via Certified Mail 7016 0600 0000 7989 0995*
*& First Class Mail*
Shannon Allen
A Place for Children, Inc.
11221 Bissonnet Street
Houston, Texas  77099

*/s/ Shelly M. Davis-Smith*
Shelly M. Davis-Smith
Attorney for Senelise Constant