United States District Court
Southern District of Texas
**ENTERED**
February 23, 2017
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SENELISE CONSTANT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2781 |
| | § | |
| A PLACE FOR CHILDREN, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before this court is a motion for default judgment against defendant A Place For Children, Inc. filed by plaintiff Senelise Constant.  Dkt. 7.  Defendant has not responded to the motion.  Having considered the motion and applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

Constant seeks to recover $2,880.00 in unpaid overtime and statutory liquidated damages for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA").  29 U.S.C. § 201, *et seq*.  Additionally, Constant requests $5,650.00 as reasonable and necessary attorney's fees, and $532.54 in costs.  Dkt. 9.  According to Constant, the defendant was obligated to pay her a wage of $9.00 per hour straight time and $13.50 per hour for each overtime hour worked.  Dkt.9, Ex. E.  Constant asserts that, for approximately 16 weeks, she worked 60 hours each week and was paid straight time at $9.00 per hour.  *Id*.  Since Constant was paid $9.00 per hour rather than $13.50 per hour for 20 hours of overtime for 16 weeks, Constant contends that she is owed $1,440.00 in overtime pay and $1,440.00 in statutory liquidated damages.  *Id*.

On September 23, 2015, Constant filed this lawsuit asserting claims against the defendant for violations of the overtime provisions of the FLSA. Dkt. 1. A summons was issued on September 28, 2015, and served on Shannon Allen on October 15, 2015. Dkt. 9, Ex. A. Shannon Allen is designated by law to accept service on behalf of the defendant. *Id*. On November 4, 2015, Allen filed an answer on behalf of the defendant. Dkt. 4. Constant filed the pending motion for default judgment on December 15, 2015. Dkt. 9.

## II. Legal Standard

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule 55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Local Rule 5.5 requires that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)." S.D. Tex. L.R. 5.5. A court may not enter a default judgment against a minor or incompetent person unless the person is represented by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b). Additionally, a court may not enter a default judgment if the plaintiff does not file an affidavit regarding the defendant's military status. 50 App. U.S.C. § 521(1). If the defendant is in the military service, "the court may not enter a judgment until after the court appoints an attorney to represent the defendant." *Id.* § 521(2). A default judgment is a "drastic remedy, not favored by the Federal

Rules[,] and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Id.*

### III. ANALYSIS

Constant requests the court to enter a default against the defendant because the defendant failed to plead or otherwise defend under Rule 55(a). Dkt. 9. Constant further requests the court grant default judgment pursuant to Rule 55(b) in the amount of $2,880.00, for unpaid overtime and statutory liquidated damages, $5,650.00 as reasonable and necessary attorneys fees, and $532.54 in costs.

Here, defendant was served with the complaint on October 15, 2015, through its registered agent, Shannon Allen. Dkt. 9, Ex. A. The motion was sent to the defendant via certified mail, return receipt requested, as required by the Local Rules. Dkt. 10. The defendant is not an infant or incompetent person. *Id*. In addition, the defendant is a corporation and is unable to serve in the military. *See* Dkt. 9, Ex. D. Allen filed an answer on behalf of the defendant on November 4, 2015. Dkt. 4. However, a corporation cannot appear in federal court pro se; it must appear through licensed counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S. Ct. 716, 721 (1993). Constant contends that because Allen is not a licensed attorney, Allen cannot represent the interests of the defendant. Dkt. 9. Thus, to the extent that Allen filed an answer on behalf of the defendant corporation, such answer must be struck as a corporation cannot represent itself and can appear only through counsel. *See Rowland*, 506 U.S. at 202. The court finds that the defendant's answer is a nullity, and thus, the defendant has failed to plead or otherwise

defend as provided in Rule 55(a).  Constant is therefore entitled to default judgment under Rule 55(b).  Constant's motion for default judgment is therefore GRANTED.

Given the defendant's failure to answer the complaint in a timely manner, the court has the authority to enter default against the defendant, accept all well-pleaded facts in Constant's complaint as true, and award the relief sought by Constant in this action.  *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Constant has offered evidence to establish that, for approximately 16 weeks, she worked 60 hours per week, and she was a non-exempt employee under the FLSA.  Dkt. 9, Ex. E.  An employer cannot employ a non-exempt employee for more than 40 hours per week unless the employee "receives compensation for his [or her] employment in excess of [40 hours] at a rate not less than one and one-half times the regular rate . . . ."  29 U.S.C. § 207(a)(1).  Constant was paid straight time at $9.00 per hour for all 60 hours of work when she should have received $13.50 per hour for the 20 overtime hours worked.  An employer in violation of the overtime provisions of the FLSA is liable to the affected employee for "their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  Constant has offered sufficient evidence that defendant was in violation of the overtime provisions of the FLSA and is therefore entitled to relief.  *See* 29 U.S.C. § 207(a)(1).

Constant is entitled to compensatory damages, statutory liquidated damages, and attorney's fees and costs .  29 U.S.C. § 216(b).  Constant's damages are calculated as follows:

| | |
|---|---|
| Unpaid Overtime: | |
| 20 hours * 16 weeks *$4.50/hour | $1,440.00 |
| | |
| Statutory Liquidated Damages: | |
| $1,440.00 | $1,440.00 |
| | |
| **Total** | **$2,880.00** |

*See* Dkt. 9, Ex. E.

Constant is entitled to recover damages against the defendant as detailed above, plus post-judgment interest at the rate of 0.83 % per annum pursuant to 28 U.S.C. § 1961.

Pursuant to section 216(b) of the FLSA, in addition to any judgment awarded to the plaintiff, the court shall allow an award of reasonable attorney's fees and costs. 29 U.S.C. § 216(b). According to *Saizan v. Delta Concrete Products Co.*, the court should apply a lodestar analysis to determine an award of attorney's fees by multiplying the number of hours reasonably spent on the case by a reasonable hourly rate for each attorney. 448 F.3d 795, 799 (5th Cir. 2006); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the court may enhance or reduce the lodestar amount by applying the twelve factors discussed within). "Given the nature of claims under the FLSA, it is not unusual for attorneys' fees to exceed the amount of the judgment in the case. *Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, No. H-11-3025, 2013 WL 487032, at *7 (S.D. Tex. Feb. 6, 2013), *aff'd*, 562 F. App'x 182 (5th Cir. 2014). Furthermore, the party seeking an award of attorneys' fees should provide evidence demonstrating the amount of time devoted to the pursuit of the case and the rates claimed. *Saizan*, 448 F.3d at 799. Constant has provided billing records and expense records from her attorney. Dkt. 9, Exs. F-G. Such records indicate that Constant's attorney billed 22.6 hours on this matter and charged $250.00 per hour. *Id*. In sum, Constant's attorney requests attorney's fees in the amount of $5,650.00 and costs of $532.54, totaling $6,182.54.[1] *Id*. Here, the court finds the hours devoted, billing rate charged, and costs to be reasonable. Therefore, the court GRANTS Constant's request for reasonable attorney's fees and costs in the amount of $6,182.54.

---

[1]Constant's motion for default judgment requests total attorney's fees of $6,267.54. Dkt. 9 ¶ 4. However, the court awards $6,182.54 in attorney's fees and costs—the sum of $5,650.00 and $532.54.

## IV. CONCLUSION

For the foregoing reasons, Constant's motion for default judgment (Dkt. 9) is GRANTED. The court awards $1,440.00 for overtime pay and $1,440.00 for statutory liquidated damages. Further, the court awards attorney's fees in the amount of $5,650.00 and costs in the amount of $532.54.

Signed at Houston, Texas on February 23, 2017.

Gray H. Miller
United States District Judge